# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-04015-01-CR-C-NKL |
| ) | |
| ANDREW D. BRANDWEIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the court on the request of F. Randall Waltz, III, Esquire ("Waltz"), attorney for Defendant Andrew Brandwein, for compensation in excess of the statutory maximum imposed by the Criminal Justice Act. For the reasons set forth below, Defendant's motion for excess compensation [Doc. #71] is DENIED.

**I.     Background**

Defendant Andrew Brandwein has been charged with conspiring to attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Counsel Waltz was appointed to represent Andrew Brandwein on April 28, 2011. On Dec. 13, 2011, Waltz filed a motion to suppress evidence obtained through an allegedly unconstitutional search of Defendant's home. On February 6, 2012, Magistrate Judge Matt J. Whitworth conducted a suppression hearing, during which twelve witnesses presented testimony regarding the circumstances of the search of Defendant's home. Judge Whitworth found that the evidence obtained from the search

1

and seizure was admissible, and recommended that Defendant's motion to suppress be denied.

Waltz argues that he is entitled to compensation in excess of the statutory maximum because this case is complex. In support of the claim of complexity, Waltz cites the following: the government provided counsel with "dozens of pages" of pretrial discovery; counsel filed reply suggestions and supplemental suggestions in support of Defendant's motion to suppress; there are multiple counts and multiple legal issues involved in the case; and prior to June 6, 2012, Defendant Andrew Brandwein was incarcerated a considerable distance away from Waltz' place of business. Waltz has provided documentation showing that he has paid out-of-pocket costs of $217.87 and expended 114.55 hours on this case. At the CJA rate of $125.00/hour, this amounts to $14,318.75 hours spent on the case. Waltz' normal billing rate is $200.00/hour. [Doc. # 71].

## II. Discussion

The Criminal Justice Act provides that court-appointed counsel for felony defendants are entitled to compensation up to a set limit. 18 U.S.C. § 3006A(d)(3). However, payment in excess of the statutory cap may be approved by the court if the representation is 1) either extended or complex in character, and 2) if the excess payment is necessary to provide fair compensation. 18 U.S.C. § 3006A(d)(3); *see also United States v. Jewett*, 625 F. Supp. 498, 500 (W.D. Mo. 1985); *United States v. Ellzey*, 29 F. Supp. 2d 505, 506 (C.D. Ill. 1998); *United States v. Bailey*, 581 F.2d 984, 987 (D.C. Cir. 1978).

Counsel Waltz argues that the instant case is complex. A case is considered "complex" for the purposes of approving a voucher in excess of the statutory cap if the legal or factual issues in a case are "exceedingly difficult," *Jewett*, 625 F. Supp. at 501, or "requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case." *In re Smith,* 586 F.3d 1169, 1172 (9th Cir. 2009) (internal quotes omitted); *see also United States v. Mosley*, 779 F. Supp. 2d 398, 401 (D.N.J. 2011); *Bailey*, 581 F.2d at 989. Complexity "refers to the intricacies of the case and their corresponding call on counsel's intellectual resources." *Bailey*, 581 F.2d at 987; *see also United States v. Keeble*, 2008 WL 1792935 at *1 (N.D. Tex. Apr. 16, 2008).

Courts that have found cases complex have considered, *inter alia*, the following factors: length of trial; multiplicity of counts; difficulty and novelty of legal issues involved; number of defendants; mental capacity of defendant; success of representation; volume of discovery; and extent of preparation required. *See, e.g., United States v. Edelkind,* 525 F.3d 388, 397 (5th Cir. 2008) (finding the case was complex where the factual and procedural history of the case was "long and complicated," many documents were involved, and the effect of Hurricane Katrina had prevented the Government from receiving documents); *United States v. Blandford*, 30 F. Supp. 2d 1080, 1081 (C.D. Ill. 1998) (finding the case was complex because it "presented challenges not typically encountered in a felony case," including four pre-trial motions, defendant's insistence on self-representation and a jury trial, and the effort counsel expended to convince defendant to withdraw his motion to proceed pro se and plead guilty); *United States v. Carnevale*,

624 F. Supp. 381, 386 (D.R.I. 1985) (finding that "the complexity furculum of the statute was fulfilled" in a case involving a "fifty-seven count indictment against six defendants" where trial lasted twelve days); *United States v. Quintero–Medina*, 489 F. Supp. 82, 82-84 (N.D. Ill. 1980) (determining the case was complex where five attorneys extended significant preparation time and 21 days in court defending five defendants in conspiracy charge, resulting in the acquittal of each defendant); *United States v. Farley*, 565 F. Supp. 71, 71-72 (E.D. Wis. 1983) (finding the case complex where defendant was indicted in seven separate counts under a statute that had not yet been definitively construed, such that "counsel undertook an extensive effort to attack both the statute and the indictment," which involved filing five motions to quash or dismiss the indictment and reviewing "volumes of transcripts, investigate reports, and other documents and listen[ing] to hours of taped telephone and in-person conversations," and where trial lasted seven days and resulted in the defendant's acquittal).

On the other hand, cases have been found to be not complex where there were "no extraordinary factual or legal issues involved," counsel's appearance and participation in the case was limited, counsel spent excessive time "handholding" the client, and there were "no numerous or complex defenses which might have justified the need for a greater than average amount of time or skill in preparing the defense." *United States v. Diaz*, 802 F. Supp. 304, 311 (C.D. Cal. 1992); *see also Jewett*, 625 F. Supp. at 503-04 (case involving four defendants on drug conspiracy charges, where counsel filed eleven pretrial motions and reviewed substantial documentary evidence, was not complex); *Mosley*, 779 F. Supp. 2d at 401 (not complex where counsel did not make "any unusual or out of the

ordinary arguments"); *Mukhtaar*, 2008 WL 2151798 at *3 (not complex where the defendant had already decided to plead guilty by the time counsel was appointed, counsel's appearances in court were limited to two sentencing hearings, and no unique or unusually complicated aspects of law were involved).

Based on a review of the record, the Court finds that the instant case is not complex. The factual issues contested in the suppression hearing were not particularly complicated. The central Fourth Amendment questions at issue consisted of the following: whether warrantless entry based on exigent circumstances may be justified where no evidence leading directly to defendant's home is present; whether a motion to suppress may nonetheless be denied when evidence is uncovered as a result of a warrantless "community caretaker" entry by police; and whether being advised of one's right to leave and that one's home will be secured constitutes custody for the purposes of interrogation. It is true that these questions as applied to the facts in the instant case were sufficiently unsettled to allow for creative arguments on the part of Defendant's counsel. And it cannot be denied that Waltz vigorously advocated on behalf of his client. However, the quantity of discovery material is no greater than usual, nor are there an unusual number of witnesses. A novel legal issue alone cannot be the basis of finding complexity.

## III. Conclusion

While the Court is unwilling to classify this as a complex case, the Court will permit an interim payment of $2,500, with the understanding that counsel should not

expect the statutory cap to be lifted.  As the Eighth Circuit recently pointed out, "CJA service is first a professional responsibility, and no lawyer is entitled to full compensation for services for the public good."  *In re Carlyle*, 644 F.3d 694, 699 (8th Cir. 2011).  Accordingly, Defendant's Motion [Doc. # 71] is DENIED, but interim payment in the amount of $2,500 is authorized per the normal rules of the Clerk's Office.

                                             s/ Nanette K. Laughrey
                                             NANETTE K. LAUGHREY
                                             United States District Judge

Dated:  September 19, 2012
Jefferson City, Missouri